UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 20-816 PA (JEMx) | Date | May 8, 2020 |
|---|---|---|---|
| Title | Alejandro Jeronimo Osorio v. William Barr, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner Alejandro Jeronimo Osorio ("Petitioner") (Docket No. 3). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.     Factual and Procedural Background**

Petitioner, who is represented by counsel, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Center. Petitioner filed a Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief ("Petition") on April 16, 2020. Through his Petition and TRO Application, Petitioner seeks an order requiring DHS to immediately release him from the Adelanto Detention Center. Petitioner, who is a 45-year-old from Mexico, contends that because he suffers from diabetes, his continued detention at the Adelanto Detention Center during the COVID-19 pandemic violates his substantive due process rights under the Fifth Amendment (on "state-created danger," "special relationship," and "punitive detention" theories) and constitutes cruel and unusual punishment in violation of the Eighth Amendment. Petitioner additionally asserts that his prolonged detention violates the Fifth Amendment.

This action was originally assigned to United States Senior District Judge Terry J. Hatter. Before ordering the action reassigned because it included claims in addition to the Fifth Amendment substantive due process claims over which Judge Hatter is presiding in <u>Kelvin Hernandez Roman, et al. v. Chad F. Wolf, et al.</u> ("<u>Roman</u>"), EDCV 20-768 TJH (PVC), Judge Hatter ordered Petitioner's Fifth Amendment substantive due process claims in this action stayed pending final resolution of the <u>Roman</u> class action. (Docket No. 11.) As a result of that stay, which applies to Petitioner's first, second, and fourth claims, this Court will only consider Petitioner's potential entitlement to the temporary injunctive relief he seeks on Petitioner's third, and fifth claims based on his contention that his continued detention constitutes cruel and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-816 PA (JEMx) | Date | May 8, 2020 |
|---|---|---|---|
| Title | Alejandro Jeronimo Osorio v. William Barr, et al. | | |

unusual punishment in violation of the Eighth Amendment, and that his prolonged detention violates the Fifth Amendment.

On November 4, 2018, Petitioner was arrested by the Department of Homeland Security ("DHS") and issued a Notice to Appear, charging him as an alien subject to removal under Immigration and Nationality Act § 212(a)(6)(A)(i) as an "alien present, in the United States without being admitted or paroled." Based on Petitioner's criminal history, which includes a 2002 conviction for battery, a 2015 conviction for driving under the influence, a 2018 conviction for spousal battery, and a 2018 arrest for driving under the influence, DHS held Petitioner in custody pending removal proceedings. Petitioner requested review of DHS's custody determination by an Immigration Judge. On December 18, 2018, the Immigration Judge denied Petitioner's request for bond, finding that Petitioner is a danger to the community.

On January 19, 2019, Petitioner filed an Application for Cancellation of Removal for Certain Non-Permanent Residents. On May 13, 2019, the Immigration Judge denied Petitioner's request for a Rodriguez bond, finding, again, that Petitioner was a danger to the community. On November 13, 2019, the Immigration Judge denied Petitioner's Application for Cancellation of Removal for Certain Non-Permanent Residents and ordered Petitioner removed to Mexico. On December 11, 2019, Petitioner appealed the Immigration Judge's November 13, 2019 removal decision to the Board of Immigration Appeals. That appeal is pending.

## II.    Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-816 PA (JEMx) | Date | May 8, 2020 |
|---|---|---|---|
| Title | Alejandro Jeronimo Osorio v. William Barr, et al. | | |

Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

A plaintiff faces an exceedingly high burden when seeking such relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreperably prejudiced if the underlying motion is heard according to regularly noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

**III.   Analysis**

Here, with respect to the claims that Judge Hatter did not stay, and even without considering the significant jurisdictional issues raised by the Petition, that, by themselves, call into question Petitioner's likelihood of success on the merits, the Court concludes that Petitioner has not established that he is entitled to the Temporary Restraining Order he seeks.

The two clams in the Petition that do not fall squarely within Judge Hatter's stay order are Petitioner's Eighth Amendment claim and his Fifth Amendment prolonged detention claim, which is a procedural due process claim, rather than a substantive due process claim that is subject to the stay order and for which Petitioner is a member of the class in Roman. Petitioner's Eighth Amendment claim appears duplicative of his Fifth Amendment substantive due process claim based on a punitive detention theory that is being litigated in Roman. "Constitutional questions regarding the conditions and circumstances of [a civil detainee's] confinement are properly addressed under the due process clause . . . rather than under the Eighth Amendment's protection against cruel and unusual punishment." Oregon Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003) (applying the Due Process Clause of the Fourteenth Amendment rather than the Fifth Amendment's Due Process clause for claims asserted by individuals detained by the State of Oregon). Because Petitioner is a civil immigration detainee in federal rather than state custody, his right to be free from cruel and unusual punishment is properly addressed under the Fifth Amendment rather than the Eighth Amendment. As a result, Petitioner cannot show a likelihood of success on his separate and duplicative Eighth Amendment claim.

Petitioner also fails to establish a likelihood of success on his prolonged detention claim. Section 1226 provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States" on a warrant issued by the Attorney General,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-816 PA (JEMx) | Date | May 8, 2020 |
|---|---|---|---|
| Title | Alejandro Jeronimo Osorio v. William Barr, et al. | | |

and that the Attorney General "may continue to detain the arrested alien" or release the alien on bond. 8 U.S.C. § 1226(a). Here, the Immigration Judge has twice denied Petitioner bond after concluding that Petitioner posed a danger to the community. This Court has no jurisdiction to review the decision to deny Petitioner bond. See 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

Nor does Petitioner have any right to a further bond hearing while his removal proceedings are ongoing. See Jennings v. Rodriguez, __ U.S. __, 138 S. Ct. 830, 847-48, 200 L. Ed. 2d 122 (2018) ("The Court of Appeals ordered the Government to provide procedural protections that go well beyond the initial bond hearing established by existing regulations—namely, periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary. Nothing in § 1226(a)'s text—which says only that the Attorney General "may release" the alien "on . . . bond"—even remotely supports the imposition of either of those requirements. Nor does § 1226(a)'s text even hint that the length of detention prior to a bond hearing must specifically be considered in determining whether the alien should be released."). Petitioner's reliance on Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), appears misplaced, because Zadvydas concerned the post-removal period under § 1231. See Demore v. Kim, 538 U.S. 510, 529, 123 S. Ct. 1708, 1720, 155 L. Ed. 2d 724 (2003) ("Zadvydas distinguished the statutory provision it was there considering from § 1226 on these very grounds, noting that 'post-removal-period detention, unlike detention pending a determination of removability . . . has no obvious termination point.'") (quoting Zadvydas, 538 U.S. at 697, 121 S. Ct. at 2503).

In addition to failing to establish a likelihood of success on the merits, Petitioner has also failed to establish that he is likely to suffer irreparable harm in the absence of the preliminary relief he seeks, that the balance of equities tips in his favor, and that an injunction is in the public interest. As explained in the Government's Opposition to the TRO Application, DHS has taken significant steps to limit the spread of COVID-19 within the Adelanto Detention Center, and given the number of new cases identified each day in this community, releasing Petitioner would not eliminate his risk. As a result, the Court cannot conclude that the injunctive relief Petitioner seeks—his immediate release—would prevent him from suffering irreparable harm. Importantly, because the Immigration Judge has twice concluded that Petitioner is a danger to the community, Petitioner has failed to establish that his release is in the public interest, or that the balance of equities tips in his favor. Nor is Petitioner entitled to release under the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-816 PA (JEMx) | Date | May 8, 2020 |
|---|---|---|---|
| Title | Alejandro Jeronimo Osorio v. William Barr, et al. | | |

Circuit's sliding scale approach because he has not raised serious questions and the balance of equities do not tip sharply in his favor.

### Conclusion

For all of the foregoing reasons, the Court concludes that Petitioner has not satisfied the requirements for the issuance of injunctive relief. The Court therefore denies Petitioner's TRO Application. The Court orders Petitioner to show cause in writing why the Petitioner's first, second, and fourth claims of his Petition should not be dismissed without prejudice as being subsumed within the Roman action, why his Eighth Amendment claim should not be dismissed for failure to state a claim, and why his prolonged detention claim should not be dismissed for lack of jurisdiction and failure to state a claim pursuant to 8 U.S.C. § 1226(e) and Jennings. Petitioner's response to this Order to Show Cause shall be filed no later than May 18, 2020. The Government may file a Response by no later than May 26, 2020. After that date, the matter will be deemed under submission.

The Court notes that Petitioner has filed a Motion to Lift Stay (Docket No. 13). The Motion to Lift Stay does not include the statement concerning a pre-filing conference of counsel required by Local Rule 7-3. Nor is the Motion to Lift Stay noticed for any hearing date, let alone a hearing date at least 28 days after the filing date, as required by Local Rule 6-1. For these reasons, the Court orders the Motion to Lift Stay stricken. Given the mandatory nature of the Roman class, Petitioner may wish to consider seeking relief for his Fifth Amendment substantive due process claims from Judge Hatter in the Roman class action.

IT IS SO ORDERED.